**THE COUNTERS FIRM, P.C.**
Representation you can count on.

Lisa Counters, 016436
8014 E. McClain Drive, Ste. 200
Scottsdale, AZ  85260
(602) 490-0030 (Voice)
(888) 683-8397 (Fax)
Lisa@countersfirm.com

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lois Heaney, M.D.<br><br>                           Plaintiff,<br><br>vs.<br><br>Arizona Medical Clinic Life Insurance Plan; Reliance Standard Life Ins. Co., a foreign insurer.<br><br>                           Defendant. | **COMPLAINT** |

For her claim against Defendant, Lois Heaney, M.D. ("Heaney") alleges as follows:

**JURISDICTION AND VENUE**

1.   Heaney is a resident of Maricopa County, Arizona.

2.   Defendant Reliance Standard Life Ins. Co. ("Reliance") is a foreign insurer, authorized to do business and engaged in business in the State of Arizona.

3.   Arizona Medical Clinic Life Insurance Plan ("Plan") is a purported ERISA benefit plan established and maintained by the Arizona Medical Clinic ("AMC") for the benefit of its employees.  The Plan offered life insurance benefits.

4.   Reliance is a Plan Fiduciary as defined by ERISA.

5. This Court has jurisdiction by virtue of the provisions of ERISA 29 U.S.C. § 1132, and because the Plan and Reliance have caused events to occur in Arizona out of which Heaney's claims arise.

6. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

7. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## **GENERAL ALLEGATIONS**

8. AMC provided certain employees with life insurance benefits pursuant to the Plan.

9. At all relevant times, Heaney was an AMC employee, became a covered individual under the Plan, and remained continuously employed.

10. Heaney's employment with AMC ended on June 30, 2007, when she retired as a result of a disability.

11. The terms of the Plan permit Heaney to continue her life insurance coverage individually pursuant to the portability provision of the Plan.

12. Heaney's employer provided her with a Term Life Insurance Portability Application which she signed and mailed to Reliance on July 24, 2007.

13. Reliance claimed it never received Heaney's portability application.

14. Heaney provided Reliance with a copy of her portability application and a copy of the stamped envelope in which she enclosed the portability application.

15. On December 28, 2007, Reliance advised Heaney that she needed to pay $663.30 to cover the portability insurance from July 1, 2007 to January 1, 2008. Heaney paid these premiums on January 8, 2008. Thereafter, Heaney received a premium notice for $331.65 in quarterly premiums.

16. Reliance then advised Heaney that the AMC group coverage was scheduled to terminate on April 1, 2008 and that Heaney's conversion coverage would terminate as well.

17. Heaney advised Reliance that, regardless of the group's status, she was still entitled to continue her coverage individually.

18. Between April 2008 and January 2009, Reliance avoided issuing Heaney's conversion life insurance policy. On January 23, 2009, Reliance then advised Heaney that she needed to pay for six months' premium to continue the coverage. Heaney remitted her check for coverage on February 16, 2009.

19. Over a year later, on February 27, 2010, Reliance finally advised Heaney that her premium payment check was stale and that she needed to send in a new premium check.

20. On April 29, 2010, Reliance advised Heaney that she was ineligible for conversion coverage.

21. On May 24, 2010, Reliance reversed course again and advised Heaney that she could obtain a whole life conversion policy in exchange for $14,029.50 in premiums.

22. On November 23, 2010, Heaney, through counsel, advised Reliance of its gross mishandling of her conversion claim and requested that Reliance issue a term policy under the conditions offered to her initially.

23. On December 2, 2010, Reliance responded to Heaney's demand. Reliance conceded that its delays were "inexcusable."

24. Reliance again extended the offer to continue Heaney's policy as a whole life policy, with premiums now due in the amount of $18,706.00. Without providing any further information about how the premiums were calculated, or without providing her with a copy of the policy she would be offered, Reliance gave Heaney 30 days to pay the premium.

25. Heaney responded to Reliance's demand and requested a copy of the policy that would be offered and, among other things, requested that Heaney's premium be adjusted due to Reliance's mishandling of the claim.

26. Reliance responded to Heaney on January 19, 2011 and indicated that since Heaney did not pay the premiums, Reliance assumed she did not elect to continue the

coverage, but provided Heaney information on how to obtain a copy of the policy Reliance now refused to issue.

27. Heaney has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

28. Heaney incorporates and realleges all previous allegations.

29. AMC is the Plan Administrator.

30. Reliance and the Plan promise to provide employees with continuing life insurance coverage after their employment ends.

31. Heaney's employment terminated and Reliance has failed to issue a continuing life insurance policy.

32. Reliance's refusal to issue the policy is a breach of the Plan, was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

33. Reliance is the claim payer and the decisionmaker and, therefore, it is a conflicted fiduciary.

34. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Heaney is entitled to recover all benefits due under the terms of the Plan, and to enforce her rights under the terms of the Plan.  Heaney is further entitled, under the terms of ERISA, 29 U.S.C. § 1132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of her rights to future benefits under the Plan.

35. Pursuant to 29 U.S.C. § 1132(g), Heaney is entitled to recover her attorneys' fees and costs incurred herein from Reliance and the Plan.

36. Heaney is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled, i.e., 10% pursuant to A.R.S. § 20-462.

WHEREFORE, Heaney prays for entry of judgment against Reliance as follows:

A. For all benefits due Heaney under the terms of the Plan;

B. Enforcing Heaney's rights under the terms of the Plan;

C. For an award of Heaney's attorneys' fees and costs incurred herein; and

D. For such other and further relief as the Court deems just and reasonable.

## COUNT II
## INSURANCE BAD FAITH

37. Heaney incorporates and realleges all previous allegations.

38. Heaney's right to a conversion policy is governed by the Plan, however, the conversion to an individual policy removes the conversion policy from being governed by ERISA.

39. In connection with the conversion, Reliance owes Heaney a duty of good faith and fair dealing.

40. Reliance unreasonably delayed conversion of Heaney's policy and denied benefits to Heaney without a reasonable basis to do so.

41. Reliance knowingly and intentionally refused to extend equal consideration to Heaney.

42. As a proximate cause of Reliance's conduct, Heaney has been damaged.

43. As a further proximate result of Reliance's conduct, Heaney has suffered and will suffer anxiety, worry, distress, financial loss and loss of time and in expenses in an amount to be proven at trial.

WHEREFORE, Heaney prays for entry of judgment against Reliance as follows:

A. For all benefits due Heaney as a result of her conversion of the Policy;

B. Damages for failure to extend policy benefits;

C. Compensatory damages for distress, financial harm and other incidental damages in an amount to be determined at trial;

D. For an award of Heaney's attorneys' fees and costs incurred; and

E. For such other and further relief as the Court deems just and reasonable.

Dated:  March 22, 2011.

THE COUNTERS FIRM, P.C


By: /s  Lisa J. Counters
    Lisa Counters